WESTERN UNION TELEGRAPH CO. v. WHITE et al.

(Supreme Court, Appellate Term, First Department.   October 28, 1912.)

REFERENCE (§ 8*)—GROUND FOR REFERENCE—LONG ACCOUNT.

Plaintiff telegraph company sued for telegraph services alleged to have been rendered defendants, and annexed to the complaint an account containing 380 items, each referring to a single message. Defendants denied promising to pay for 47 messages delivered to them, and as to 18 sent by defendants they deny knowledge whether plaintiff delivered the same, and as to 12 others denied having authorized them to be sent. *Held*, that the facts were insufficient to justify a compulsory reference on the ground that the trial would require the examination of a long account within Code Civ. Proc. § 1013.

[Ed. Note.—For other cases, see Reference, Cent. Dig. §§ 13–23;  Dec. Dig. § 8.*]

Appeal from City Court of New York, Special Term.

Action by the Western Union Telegraph Company against William N. White and another trading as William N. White & Co.   From a City Court order directing a reference, defendants appeal.   Reversed.

Argued October term, 1912, before SEABURY, GUY, and BIJUR, JJ.

Charles Caldwell, of New York City, for appellants.

George H. Fearons and Francis Raymond Stark, both of New York City, for respondent.

BIJUR, J.   The action is for the recovery of charges for telegraphic service alleged to have been rendered to defendants.   While the exhibit annexed to the complaint shows 380 items, each referring to a single message, the controversy surrounding all these items is merely as to the reasonableness of the charge, concerning which the testimony should be exceedingly simple and concise.   Defendants deny having promised to pay for 47 of the messages delivered to them.   As there is not the slightest indication in the moving papers of the character of proof involved in this issue, and as it may very well be that it involves nothing more than the interpretation of a contract, there is nothing in this item which seems to warrant a reference.

As to the 18 messages sent by defendants, they deny knowledge whether the plaintiff delivered the same, and, as to 12 other messages, defendants deny having authorized them to be sent.   None of these issues as presented by the moving papers indicate "that the trial will require the examination of a long account," as provided by section 1013 of the Code.   The citation of authorities covering cases very much nearer the border line of doubt than this case seems to be quite unnecessary.

Order reversed, with $10 costs and disbursements, and motion for appointment of referee denied, with $10 costs.   All concur.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes